UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| ZACHARY NEPOLEON SCRUGGS, )<br>)<br>Plaintiff )<br>)<br>v. )<br>)<br>CLIFFORD PINKNEY, *et al.*, )<br>)<br>Defendants ) | Case No.: 1:18 CV 2374<br><br>JUDGE SOLOMON OLIVER, JR.<br><br><br><br><br>MEMORANDUM OPINION<br>AND ORDER |

*Pro se* plaintiff Zachary Nepoleon Scruggs ("Scruggs") is confined at the Cuyahoga County Jail. On October 11, 2018, he filed this civil rights action against Defendants Clifford Pinkney (Sheriff), Kenneth Mills (Director of Regional Corrections), and the Cuyahoga County Sheriff (collectively, "Defendants") (Compl., ECF No. 1). Scruggs does not assert any allegations against specific Defendants, but generally alleges that: (1) "all of my rights have been violated not once, but multiple times"; (2) he is confined to his assigned cell from 9:30 a.m. to 7:30 p.m. which prevents him from contacting his attorney by telephone; (3) there is "black mold" in the shower; (4) the food trays in the cafeteria are not clean; (5) he has not been permitted to use the law library because he did not have a § 1983 claim; (6) he is forced to accept an unwanted plea deal because he cannot afford an attorney or research his own defense; and (7) he does not have access to "the right health care" or a social worker because of overcrowding. Scruggs asks this Court to intervene so that he

"can get the proper help" in his case while incarcerated, make "this facility safer and cleaner for each inmate," and "[m]ake it possible that each inmate while here will be able to get the full support of the county." (*Id*. at 3-5.)

## I. BACKGROUND

Scruggs filed an incomplete motion to proceed with this matter in *forma pauperis* (ECF No. 2). Magistrate Judge Jonathan Greenberg determined that the motion was deficient and ordered Scruggs to pay the filing fee or complete and file the financial application to proceed *in forma pauperis* attached the deficiency order (ECF No. 3). Magistrate Judge Greenberg's order specified that the entire financial application, and a certified account statement from the correctional institution, must be filed with the Court by November 26, 2018 (*id*.). In addition, Magistrate Judge Greenberg warned Scruggs that "[f]ailure to fully and timely comply with the requirements of this Order may result in dismissal of this action without further notice." (*Id*.)

On November 1, 2018, Scruggs filed an "Affidavit of Prisoner" (ECF No. 4). He did not provide a prisoner account statement from the Cuyahoga County Jail.

## II. DISCUSSION

This case is subject to the provisions of 28 U.S.C. § 1915 regarding prisoner *in forma pauperis* civil actions. *See Jackson v. Mich. Parole Bd.,* No. 06-CV-11666, 2006 WL 1452112, at *1 (E.D. Mich. May 24, 2006) (Congress primarily targeted prisoner civil rights cases when it enacted the filing fee provision of the Prisoner Litigation Reform Act.). The deficiency order issued by Magistrate Judge Greenberg articulates the statutory requirements that Plaintiff must satisfy in order to proceed with this action without the full prepayment of fees. *See McCullough v. Fed. Bureau of Prisons*, No. 13-10282, 2013 WL 2147001, at *1 (E.D. Mich. May 16, 2013)

("Submission of [a] sufficient affidavit and a certified trust fund account in accordance with the statute are statutory requirements for proceeding *in forma pauperis*.") (citing *McGore v. Wrigglesworth*, 114 F.3d 601, 605 (6th Cir. 1997) (overruled on other grounds)). When a prisoner files a civil rights action, he must pay the filing fee. "[T]he only issue is whether the inmate pays the entire fee at the initiation of the proceedings or over a period of time under an installment plan. Prisoners are no longer entitled to a waiver of fees and costs.'" *Jones v. White*, No. 10-15156, 2014 WL 238169, at *2 (E.D. Mich. Jan. 22, 2014) (quoting *In re Prison Litigation Reform Act*, 105 F.3d 1131, 1131 (6th Cir. 1997)).

If a prisoner fails to comply with a court's deficiency order, his case is subject to dismissal. *See In re Prison Litigation Reform Act*, 105 F.3d at 1132 (If a prisoner does not comply with the court's instructions regarding payment of fees or filing for pauper status, the court shall presume the prisoner is not a pauper, assess the fee, and dismiss the case for want of prosecution.); *Hill v. Lucas Cty. Common Pleas Court*, 190 F. Supp. 3d 732, 732 (N.D. Ohio 2016) (dismissing case without prejudice where plaintiff failed to comply with a deficiency order).

When this case was filed, Scruggs did not pay the filing fee or submit the required documentation to proceed *in forma pauperis*. Magistrate Judge Greenberg notified Scruggs of the deficiency, specified that "a certified account statement from the correctional institution" was required, provided him with 30 days to pay the filing fee or correct the deficiency, and warned Scruggs that failure to comply may result in dismissal of this action without further notice. Plaintiff did not provide a prisoner account statement with his affidavit, did not seek an extension of time to comply, and did not provide the Court with any explanation as to why he could not comply.

Accordingly, this case is dismissed without prejudice for want of prosecution for failing to comply with the magistrate judge's deficiency order. *Erby v. Kula*, 113 F. App'x 74, 75-76 (6th Cir. 2004) (dismissal of § 1983 action for failure to comply with the court's deficiency order was not an abuse of discretion where the order identified the required documentation and warned that failure to comply with the order may result in dismissal); *Davis v. United States*, 73 F. App'x 804, 805 (6th Cir. 2003) (affirming dismissal of prisoner civil action for want of prosecution for failure to comply with deficiency order notifying plaintiff of the required documents and granting him 30 days to comply).

### III. CONCLUSION

For all of the foregoing reasons, this case is dismissed without prejudice for want of prosecution for failing to comply with the deficiency order. The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision may not be taken in good faith.

IT IS SO ORDERED.

/S/ SOLOMON OLIVER, JR.
UNITED STATES DISTRICT JUDGE

December 7, 2018